IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATE OF CALIFORNIA, the STATE OF ILLINOIS, the COMMONWEALTH OF MASSACHUSETTS, and the STATE OF NEW YORK, *ex rel.* CONSTANTINE ZVEREV, ) ) ) ) ) ) ) | |
| Plaintiffs/Relator, ) ) | Case No. 12 C 8004 |
| v. ) ) | Judge John J. Tharp<br>Magistrate Judge Susan Cox |
| USA VEIN CLINICS OF CHICAGO, LLC; USA VEIN CLINICS, LLC; USA VEIN CLINICS OF BOSTON, LLC; USA VEIN CLINICS, P.C.; USA MEDICAL OF NEW YORK, LLC; USA VEIN CLINICS, INC; and YAN KATSNELSON, an individual, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff-Relator Constantine Zverev ("Mr. Zverev," "Plaintiff" or "Relator"), by and through his undersigned counsel, contemporaneously file this Memorandum in support of his Motion for Leave to File Third Amended Complaint ("3AC"), attached hereto as Exhibit 1. Plaintiff's Motion is filed pursuant to Rules 11(c)(2) and 15(a)(2) of the Federal Rules of Civil Procedure, both in response to Defendants' service of a motion under Rule 11 asserting that Relator is obligated to amend his complaint in two regards, as well as to conform a few other allegations to the evidenced adduced during discovery.

## INTRODUCTION

As detailed below, in an effort to cure two alleged factual inaccuracies in the Second Amended Complaint ("2AC") raised in Defendants' Motion for Rule 11 Sanctions (which was served, but not filed, on August 31, 2018, pursuant to Rule 11(c)(2)), Relator's instant motion seeks to: a) correct one word in Paragraph 101 (replacing "billings" with "patient charts") and explain the significance of those charts to billings; and b) clarify the time required to perform various medical services billed by Defendants, as alleged in various paragraphs in the 2AC. By seeking to cure the allegedly unsupported allegations within 21 days of being served with Defendants' Rule 11 motion, Defendants are precluded by Rule 11(c)(2)) from filing that motion.

Contrary to Defendants' assertions in their Rule 11 Motion, Relator contends that these corrections are not material to, and would not have altered, this Court's prior Opinion [Dkt No. 61] denying Defendants' motion to dismiss Relator's "services not rendered" cause of action. Furthermore, the evidence adduced in discovery supports the allegations that on some occasions, Defendants' physicians attest that it does take them 60 minutes or more to perform an EVLT and related procedures. (See, e.g., Exhibit T to Third Amended Complaint)(TAC).

In addition to the foregoing two corrections, Relator seeks to make several additional changes for the purpose of conforming the complaint to this Court's orders and to conform to certain evidence adduced during discovery. (Section C below).

## ANALYSIS

### A. Legal Standards

#### 1. Rule 11(c)(2) Standard

Rule 11 requires for every pleading that "the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). In the present case, Defendants

have served, but not filed (as per the procedure in Rule 11(c)(2)), a motion for sanctions in order to formally state their position that, even after discovery, two allegations in the 2AC lack evidentiary support and must be stricken or amended to conform to the evidence. Defendants' service of such a motion also triggered Relator's right under the Rule to "withdraw[] or appropriately correct[]" the pleading within 21 days. Fed. R. Civ. P. 11(c)(2). This Motion for Leave to File Third Amended Complaint is Relator's good faith effort to conform the operative complaint to the evidence adduced during discovery.

### 2. Rule 15 Standard

Rule 15 sets forth "a liberal standard for amending," instructing courts to "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (reversing denial of motion for leave to amend filed shortly before close of discovery). The United States Supreme Court, citing Rule 15(a)(2)'s "mandate" to freely grant leave to amend, instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) (reversing denial of leave to amend). Absent "a showing of futility, undue delay, undue prejudice, or bad faith," a court should not deny a motion to amend a complaint. *Life Plans*, 800 F.3d at 347. As this Court has stated, "such denials are disfavored" and "delay on its own is usually not reason enough for a court to deny a motion to amend." *Chapman v. Wagener Equities*, 2012 U.S. Dist. LEXIS 176857, at *11 (N.D. Ill. Dec. 13, 2012) (J. Tharp) (internal citations omitted).

In the present case, where Relator seeks leave to amend as an exercise of his right under Rule 11 to conform allegations to undisputed facts adduced during discovery, and in response to Defendant's service of a Rule 11 motion for sanctions, Defendants cannot be heard to argue that

Relator's motion is futile or brought in bad faith. There is also no basis upon which this Court could find that granting Relator's motion would cause undue delay or prejudice to Defendants.

In *Chapman*, this Court granted leave to file a second amended complaint after discovery had closed, allowing the plaintiff to change the named plaintiff/class representative and to modify the class definition. *Id*. at \*12-13. The Court rejected defendants' arguments that the motion to amend was untimely, that plaintiff and plaintiff's expert had information relating to the proposed amendments for two years, and that allowing the amendments would require defendants to engage in more discovery. *Id*. at \*11-12. The Court acknowledged that the amendments might entail "some delay and additional limited discovery." *Id.* at \*13. However, the Court found that there was no undue delay or prejudice, because the defendants had not filed a summary judgment motion and the amendments did not add new claims. *Id*. at \*13, 16; *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (district court erred in denying motion to amend on the basis of undue delay, where there was "no new theory of relief, but only a clarification" of the claims and "a showing of additional factual details")

Further, "[w]here, as here, summary judgment has not been decided, futility is measured by the capacity of the amendment to survive a motion to dismiss" - not its ability to survive summary judgment. *United States ex rel. Graziosi*, No. 13-cv-1194, 2018 U.S. Dist LEXIS 160737, \*15 (N.D. Ill. Sept. 20, 2018) (granting leave to file third amended complaint in FCA case). The complaint need only allege facts which, when taken as true, "plausibly suggest that the [party] has a right to relief, raising that possibility above a speculative level," which this Court has already decided. *Id*. (internal citations omitted). As in *Graziosi*, this Court has already found that the alleged facts, when taken as true, plausibly support Relator's right to relief [Dkt No. 61]. As noted below, the proposed amendments do not materially change the plausibility of

4

Relator's allegation that Defendants are liable due to "services being billed for that weren't being actually performed." Tr. of Hearing held on Apr. 12, 2018, at 26 (J. Tharp) (construing prior Opinion [Dkt No. 61]).

### 3. Rule 9(b) Standard

Allegations of violations of the FCA are "subject to the heightened pleading requirements of Rule 9(b)." *Graziosi*, 2018 U.S. Dist LEXIS 160737 at *15 (N.D. IL. 9-21-18)(J. Dow) (granting leave to file third amended complaint in FCA case). However, even Rule 9(b) does not require allegations setting forth "all the evidentiary support for plaintiff's case." *Uniroyal Goodrich Tire Co. v. Mut. Trading Corp.*, 749 F. Supp. 869, 872 (N.D. Ill. 1990) (citing *Bruss Co. v. Allnet Communication Services, Inc.,* 606 F. Supp. 401, 405 (N.D. Ill. 1985) (plaintiff "need not plead detailed evidentiary matters")). Furthermore, "Rule 9(b) does not require that the complaint explain the plaintiff's theory of the case, but only that it state the misrepresentation, omission, or other action or inaction that the plaintiff claims was fraudulent." *Midwest Commerce Banking Co. v. Elkhart City Centre*, 4 F.3d 521, 524 (7th Cir. 1993).Relator's Proposed Amendments in Response to Rule 11 Motion.

   1. **Correcting Allegation in Paragraph 101 that Dr. Melkonyan told Relator that he was asked "to sign off on several altered and backdated patient *bills*, which reflected charges for services" Dr. Melkonyan had not performed.**

Defendants' unfiled Rule 11 motion takes issue with the 2AC's Paragraph 101, which alleged:

> In conversations in about March 2012 to June 2012, Dr. Melkonyan stated to Mr. Zverev that he had been asked by Dr. Katsnelson to sign off on several altered and backdated **bills**, which reflected charges for services which Dr. Melkonyan had never performed. Dr. Melkonyan told Relator that he resigned under severe duress on May 14, 2012.

2AC ¶ 101 (emphasis added).

Relator seeks to amend this paragraph, consistent with the unrefuted testimony of Dr. Melkonyan and Mr. Zverev, to allege that Defendant Yan Katsnelson asked Dr. Melkonyan to sign off on altered and backdated "patient charts," rather than "bills." Relator also seeks to add a clarifying sentence, based on Defendants' testimony, including billers who confirmed that the medical records, including those prepared by Dr. Melkonyan, were used to generate billings to government and private insurance payors.

Combining these two pieces of unrebutted evidence, the proposed revision to Paragraph 101 replaces the word "bills" with the words "patient charts," and then explains that the charts are used by Defendants to bill government and private insurance payors. Tracking changes using overstrike and underlining, the proposed amendment to Paragraph 101 (now Paragraph 107) is as follows:

> In conversations in about March 2012 to June 2012, Dr. Melkonyan stated to Mr. Zverev that he had been asked by Dr. Katsnelson to sign off on several altered and backdated <u>patient charts</u>, which reflected services which Dr. Melkonyan had never performed. <u>The charts were used by defendants to bill government and private carriers.</u> Dr. Melkonyan told Relator that he resigned under severe duress on May 14, 2012.

Exhibit A, Proposed 3AC ¶107.

Even if the 2AC had not broadly alleged that "records" were altered and backdated, which it did (*e.g.*, 2AC ¶ 102), the proposed changes do not materially change the plausibility of Relator's allegations. As a matter of law, whether the allegation in the 2AC had been that Melkonyan told Relator he observed and was instructed to create "altered and backdated medical records," rather than "altered and backdated patient bills," this Court's plausibility conclusion would have been the same. At the pleading stage—and, we submit, for liability under the facts of this case—this is ultimately a distinction without a difference. Certainly alterations to the documents from which claims for payment were derived (as Melkonyan testified) support a

6

plausible FCA cause of action. *See, e.g.*, *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 192 (5th Cir. 2009) ("[i]t would stretch the imagination to infer . . . that the defendant doctors go through the charade of . . . continually record[ing] unprovided services only for the scheme to deviate from the regular billing track at the last moment so that the recorded, but unprovided, services never get billed").

In short, this proposed amendment does not alter, but strengthens the Court's prior decision and Plaintiff's allegations which was also supported by Exhibit A to Relator's Response in Opposition to Motion to Dismiss [Dkt. No. 50-1].

### 2. Addressing Allegations that EVLT Procedures take at least one hour per vein to perform

Defendants' unfiled Rule 11 motion also takes issue with Relator's allegation that "[t]he EVLT procedure takes approximately one hour to perform on each vein." (2AC ¶ 60; *see also id.* ¶¶ 90, 92, 95, 97, 99). Defendants assert that Relator never had a reasonable basis for the "one hour" allegation, and that, since there remains an insufficient basis for the allegations, it must be amended to conform to the testimony adduced during discovery.

In response, Relator's proposed 3AC makes numerous changes throughout in an effort to accurately reflect the broad-ranging testimony that: Defendants' physicians took anywhere from 15-70 minutes to perform a single EVLT; that Defendants' physicians performed microphlebectomies in about 10-20 minutes, depending on the number of incisions and vein "pulls"; that a single patient procedure session often included two EVLT procedures plus microphlebectomy procedures, resulting in a patient procedure session of more than one hour; and that initial intakes were billed as if the physician spent 90 minutes with the patient—when in fact they were often done in as little as 5-10 minutes.

7

Once again, these changes are immaterial to this Court's prior analysis, which explicitly contemplated the possibility of shorter or different procedure times. Specifically, the Court took note of Defendants' self-serving advertising on the USA Vein's website asserting that most treatments take less than 15 minutes, and then opined that "[i]f, indeed, Katsnelson is able to perform such procedures more quickly [than the "one hour" alleged] due to his skills and experience, the force of Zverev's claim will be diminished proportionally, but that is quintessentially a question of fact . . ." (Dkt. No. 61 at 13).

Moreover, the evidence adduced in discovery does support the challenged pleading. When combined, the EVLT surgeries and other procedures can take over 60 minutes, and Defendants' own records and testimony alleged that Dr. Yan Katsnelson spends "over 60 minutes" and "over 90 minutes" on non-surgical EVLT patient visits. *See, e.g.*, proposed TAC, Group Exh. T. Yan Katsnelson admitted that Defendants' documents reflect that he allegedly performs and thus bills certain patient visits at 90 minutes and that this is accurate. Yan Katsnelson Dep, 7/10/18, at 196-97, 200.

Against this backdrop, Rule 11 sanctions would not be warranted even if Relator did not seek leave to amend to conform to the evidence adduced during discovery. *See, e.g.*, *Cooney v. Cassady*, 735 F.3d 514, 522 (7th Cir. 2013) (refusing to fault the plaintiff "for proceeding with [his] case once [he] was given the chance to do so with the denial of the motions to dismiss."); *Logan v. SEIU Local 73*, 2016 U.S. Dist. LEXIS 138063 at *5 (N.D. Ill. Oct. 5, 2016) ("[a] motion for sanctions can hardly be well grounded where it challenges arguments which the Court upholds") (citing *Eldon Indus.*, *Inc. v. Rubbermaid, Inc.*, 735 F. Supp. 786, 795 (N.D. Ill. 1990) (same; and holding that defendant's motion for sanctions itself violated Rule 11)).

### B. Summary of and Rationale for Additional Changes

For the purpose of adding precision and clarity and to streamline the Third Amended Complaint, Relator seeks to make several additional changes which conform to this Court's orders and certain evidence adduced during discovery. The rationales for some of these changes are briefly summarized below:

a. Clarify the time period in issue as 2009-2012, pursuant to this Court's orders;

b. Withdraw causes of action on behalf of the State of Illinois Medicaid system, brought under the Illinois Whistleblower Reward and Protection Act (n/k/a Illinois False Claims Act) due to the low volume and amounts of Illinois Medicaid billing (thereby retaining the State of Illinois as a party solely under the Illinois Insurance Fraud Claims Fraud Prevention Act, 740 ILCS 92/15(a) ("ICFPA") insofar as that claim is brought on behalf of the State of Illinois;

c. Update a statutory reference, from the "Illinois Whistleblower Reward and Protection Act" to the "Illinois False Claims Act," consistent with legislative change;

d. Modify the words "varicose veins" to "venous insufficiencies" pursuant to Defendants' Answer to the 2AC with respect to defendants' vein practices;

e. Clarify the nature of "other" procedures performed by Defendants through the appropriate use of medical terminology and billing codes and procedures;

f. Change Defendants' "seek" reimbursement to "has sought and obtained."

g. Clarify the billing codes in issue; and

h. Provide additional documentary support for the "billing for services not rendered" claims.

### **CONCLUSION**

**WHEREFORE**, for all the above reasons, Relator respectfully prays for an order granting him leave to file his Third Amended Complaint.

Dated: September 21, 2018

                                    Respectfully submitted,

| | |
|---|---|
| Gerald Robinson, Esq.<br>Susan Coler, Esq.<br>Nathanial Smith, Esq.<br>HALUNEN LAW<br>80 South 8th Street<br>IDS Center, Suite 1650<br>Minneapolis, MN 55402<br>(612) 605-4098<br>robinson@halunenlaw.com<br><br>Greg Condon, Esq.<br>Bill Leonard, Esq.<br>WANG, LEONARD & CONDON<br>33 North LaSalle Street, Suite 2020<br>Chicago, Illinois 60602<br>312-782-1668<br>Greg.wlc@gmail.com<br>Bill.wlc@gmail.com | /s/ Robin Potter<br>Robin Potter, Esq.<br>POTTER BOLANOS<br>111 East Wacker Drive, Suite 2600<br>Chicago, Illinois 60601<br>(312) 861-1800<br>robin@potterlaw.org |

*Attorneys for Plaintiff-Relator*
*Constantine Zverev*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **PLAINTIFF'S MEMORANDUM INS SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** was served upon all parties by ECF notice on this 21st day of September, 2018.

    /s/ Robin Potter
    Robin Potter